# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1753

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| v. | * | District of Arkansas. |
| | * | |
| Terrence Brockman, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: September 13, 2000

Filed: September 19, 2000

_____

Before RICHARD S. ARNOLD, LAY, and FAGG, Circuit Judges.

_____

PER CURIAM.

A jury convicted Terrence Brockman of one count of distribution of cocaine base after Brockman sold cocaine to a confidential informant. Brockman received a 262-month sentence and now appeals.

Brockman first contends the district court abused its discretion in admitting into evidence a pager services contract, arguing the contract contained hearsay upon hearsay because the source of the information contained in the contract and the recorder of the information were not the same person. Brockman's contention is

meritless because a sponsoring witness testified at trial that "both the source and recorder of the information were acting in the regular course of the organization's business [and so any] hearsay upon hearsay problem [was] excused by the business records exception to the rule against hearsay." United States v. Turner, 189 F.3d 712, 720 (8th Cir. 1999).

We also reject Brockman's claim that the district court violated Federal Rule of Evidence 404(b) by admitting evidence that the confidential informant attempted to buy cocaine from Brockman on two other occasions within a week of the cocaine purchase that was charged in the indictment. As the district court concluded, because the evidence of attempted purchases was:

> 'so blended or connected[] with the one[] on trial as that proof of one incidentally involves the other[]; or explains the circumstances; or tends logically to prove any element of the crime charged,' . . . it is admissible as an integral part of the immediate context of the crime charged . . . and therefore is not governed by Rule 404(b).

United States v. Bass, 794 F.2d 1305, 1312 (8th Cir. 1986) (quoted case omitted); accord United States v. Oakie, 12 F.3d 1436, 1441-42 (8th Cir. 1993) ("evidence . . . explained the circumstances of the charged offense and was not Rule 404(b) evidence"). Likewise, contrary to Brockman's view, the probative value of this evidence was not substantially outweighed by any prejudicial effect. See Bass, 794 F.2d at 1312-13.

We affirm. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.